IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr357-MHT |
| | ) | (WO) |
| MARICAS RONDELL TAYLOR | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Maricas Rondell Taylor. For the reasons set forth below, the court finds that jury selection and trial, now set for February 6, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides, in part, that:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from that 70-day interval any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Taylor in a speedy trial. Defense counsel represents that she needs more time to

2

complete investigation, including obtaining additional records and interviewing witnesses in order to advise Taylor and determine applicable defenses. In addition, defense counsel notes that additional time will allow the parties to discuss a potential plea agreement. The court sees no evidence of a lack of diligence on counsel's part. A continuance is necessary to allow so that defense counsel has the reasonable time necessary for these tasks to be completed.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 15) is granted in part (to the extent it requests a continuance) and denied in part (to the extent it requests a continuance of at least 90 days).

(2) The jury selection and trial, now set for February 6, 2023, are reset for April 17, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 12th day of January, 2023.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE